AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

| LODGED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 06/26/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: ___AP___ DEPUTY |

# UNITED STATES DISTRICT COURT

for the

Central District of California



FILED
CLERK, U.S. DISTRICT COURT
06/26/25
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KC___ DEPUTY

United States of America

v.

DEANDRE LAMONT MCCARTER,

Defendant(s)

Case No.  5:25-mj-00446

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 26, 2025 in the county of San Bernardino in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Estevan Banuelos
Complainant's signature

Estevan Banuelos, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  June 26, 2025

Judge's signature

City and state:  Riverside, California    Hon. Sheri Pym, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT**

I, Estevan Banuelos, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Deandre McCarter ("MCCARTER") for a violation of Title 18, U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint, arrest warrant, and search warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been employed with the FBI since October 2019. I have completed the FBI 18-week training program, which includes instruction in investigating various criminal offenses governed by federal law. I have received training in the enforcement of the laws of the United States, including training in the preparation, presentation, service,

and execution of criminal complaints and arrest and search warrants.

4.  I am currently assigned to the FBI Los Angeles Field Office, Riverside Resident Agency, where I am on the Inland Violent Crime Suppression Task Force ("IVCSTF") with an emphasis on violent offenses and fugitive apprehension.  This task force consists of experienced investigators from the FBI, Riverside Police Department, Riverside County Sheriff's Department, Fontana Police Department, San Bernardino Police Department, and the San Bernardino County Sheriff's Department.

5.  In connection with my employment with the FBI, I have participated in multiple investigations in which I have used a variety of investigative techniques, including interviewing suspects and witnesses, speaking with law enforcement agents and officers, conducting and reviewing electronic surveillance, executing arrest and search warrants, analyzing telephone records, and collecting and reviewing physical evidence.

### III. SUMMARY OF PROBABLE CAUSE

6.  On June 26, 2025, law enforcement officers executed federal search warrants on the residence and person of MCCARTER for evidence of MCCARTER and his co-conspirators's participation in an attempted murder of a witness using firearms.  See Case Nos. 25-MJ-3795-PVC (Sealed); 25-MJ-3796 (Sealed).  Two of MCCARTER's co-conspirators, Toriano KNOX and Kenya JONES, were charged in an indictment for participating in a massive COVID-19 tax fraud scheme with the fraud's ringleader, Kristerpher TURNER, and then causing the attempted murder of TURNER, in

violation of, among other things, 18 U.S.C. 1512(a)(1)(C) (attempted murder of a witness), and 18 U.S.C. § 924(c)(1)(A)(iii) (discharge of a firearm in furtherance of a crime of violence).  See Case No. 25-CR-00462-CVD.

7.   During the execution of the search on MCCARTER's residence on N. Duesenberg Drive, Ontario, officers discovered inside of MCCARTER's closet: a set of body armor and two safes containing four firearms, including a Glock 43 X 9mm pistol, bearing serial number BWVE486, a Palmetto 5.7 Rock handgun, two high-capacity magazines, a Smith and Wesson .38 special revolver, loaded with 5 rounds of .38 caliber ammunition, a short barrel rifle with no serial number, and approximately 300 rounds of ammunition.

8.   MCCARTER knew he was not allowed to possess ammunition or firearms: he was a four-time convicted felon who served a 15-year sentence for robbery, and who was also convicted of possessing a weapon while in prison.

## IV. STATEMENT OF PROBABLE CAUSE

9.   Based on my review of law enforcement reports, videos, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A.   MCCARTER IS INVOLVED IN AN ATTEMPTED MURDER PLOT

10.  Based on my review of law enforcement reports, conversations with FBI Special Agents assigned to the case, I understand the following:

11.  On June 11, 2025, a grand jury returned an indictment against TURNER, KNOX, JONES, and JOYCE JOHNSON in case number

25-CR-00462-CVD. The indictment charges TURNER and JOHNSON with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, mail fraud, in violation of 18 U.S.C. § 1341, and conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286. KNOX and JONES are charged with the same fraud offenses, as well as attempt to kill a witness, in violation of 18 U.S.C. § 1512(a)(1)(C), and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

12. In connection to the attempted murder and fraud scheme alleged in the indictment, the Honorable Pedro V. Castillo, U.S. Magistrate Judge, authorized search warrants for MCCARTER's person and his residence, allowing officers to seize evidence of 18 U.S.C. § 1958(a) (murder for hire resulting in personal injury, conspiracy), 18 U.S.C. § 1512(a)(1)(C) (attempted murder of a witness), 18 U.S.C. § 924(c)(1)(A)(iii) (discharge of a firearm in furtherance of a crime of violence). Based on the search warrant affidavits, I understand that MCCARTER is believed to have been on the phone with one of the masked assailants that shot TURNER at the time of TURNER's attempted assassination on August 29, 2023.

**B.   MCCARTER POSSESSED FOUR FIREARMS, AMMUNITION, AND BODY ARMOR IN HIS BEDROOM CLOSET**

13. On the morning of June 26, 2025, I and other law enforcement officers proceeded to execute the search warrant of defendant's residence, which was an apartment on N. Duesenberg Drive, Ontario, CA 91764. We located MCCARTER on the balcony of

his apartment. MCCARTER's girlfriend, M.P., was also present on the scene.

14. Inside of the master bedroom closet used by MCCARTER and M.P., officers found one VFT Gear black body armor shirt and one black Abalone body armor vest, and three locked safes.

15. In the large locked safe, officers found:

    a. A short barrel rifle, bearing no serial number, otherwise known as a "ghost gun,"

    b. 31 rounds of ammunition found inside a high-capacity magazine bearing the headstamp "300 Blackout,"

    c. 19 rounds of ammunition found inside a high capacity magazine bearing the headstamp "WMA 21",

    d. An ammunition box filled with approximately 170 rounds of assorted ammunition, including 9mm, 5.56 caliber, and 300 Blackout ammunition.

    e. A Palmetto State Armory 5.7 Rock handgun.

16. In a smaller, locked safe,[1] officers found:

    a. A Glock 43 X 9mm pistol, bearing serial number BWVE486;

    b. A Smith and Wesson .38 caliber revolver, bearing serial number CVK383;

    c. Loaded into the Smith and Wesson revolver, five rounds of .38 caliber ammunition bearing the heads stamp "Federal 38 Special";

    d. MCCARTER's passport,

---

[1] Officers found the key to the smaller safe on the bed in the master bedroom.

   e. MCCARTER's California Driver's License,

   f. And vehicle registration paperwork in MCCARTER's name.

17. Officers read MCCARTER his Miranda rights and MCCARTER consented to an interview. During the interview, MCCARTER claimed that the safes in the bedroom closet did not belong to him. MCCARTER claimed that they belonged to his cousin and he had no access to what was inside. When asked when the cousin would have brought the safes to MCCARTER's residence, MCCARTER responded that it was a couple months prior. This statement was contradicted by Mirandized statements from M.P., who stated that the safes had been in the residence for about a year and no one else had lived inside the apartment besides MCCARTER and M.P.

18. After officers opened the safes, I and FBI SA Steven Kinsey had another conversation with MCCARTER in which we asked if there would be any reason officers would find MCCARTER's DNA on the guns located in the safes, noting that his DNA would be on file because MCCARTER is a convicted felon. MCCARTER responded affirmatively, noting that he would go with his cousin and take the guns to use at a shooting range and claimed that was legal for him to go to the range and shoot.

  **C.** **MCCARTER's Felony Criminal History**

19. I have reviewed criminal history and documents for MCCARTER and learned that MCCARTER has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

   a. On or about April 25, 2002, MCCARTER was convicted for a violation of California Penal Code Section 211, Robbery, in the Superior Court for the State of California, County of Los Angeles, Case Number VA063818;

   b. On or about April 25, 2002, MCCARTER was convicted for a violation of California Penal Code Section 211, Robbery, in the Superior Court for the State of California, County of Los Angeles, Case Number VA063818;

   c. On or about April 25, 2002, MCCARTER was convicted for a violation of California Penal Code Section 211, Robbery, in the Superior Court for the State of California, County of Los Angeles, Case Number VA063818;[2]

   d. On or about August 1, 2006, MCCARTER was convicted for a violation of California Penal Code Section 4502(a), Possessing a Weapon in Prison, in the Superior Court for the State of California, County of Imperial, Case Number JCF15882.

  **D.** **Interstate Nexus**

 20. In January 2022, I completed the International Firearms Specialist Academy certifying me as a gun nexus expert and have testified as an expert on interstate nexus of firearms.

 21. On June 26, 2025, I examined the Glock 43 X pistol bearing serial number BWVE486 and confirmed that the handgun was manufactured in Austria, outside of the State of California.

---

[2] Based on my review of MCCARTER's criminal history records, there were three robbery convictions, for which he received sentences of 15 years presentment, 52 months of prison, to run consecutively, and 1 year of imprisonment.

Because the handgun was found in California, I believe that it has traveled in and affected commerce.

## V. CONCLUSION

22. For all of the reasons described above, there is probable cause to believe that MCCARTER has committed a violation of Title 18, U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 26 day of June,
2025.

_____
THE HONORABLE Sheri Pym
UNITED STATES MAGISTRATE JUDGE